UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JUAN FLORES, on behalf of himself and all other
persons similarly situated,

                Plaintiff,                        **COMPLAINT**

    -against-

GRAPHICS SERVICE BUREAU, INC.
d/b/a GSB DIGITAL, STEPHAN STEINER
and TROY STEINER,

                Defendants.
------------------------------------------------------------------------X

        Plaintiff, JUAN FLORES ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, GRAPHICS SERVICE BUREAU, INC. d/b/a GSB DIGITAL, STEPHAN STEINER and TROY STEINER (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

        1.     Plaintiff brings this action against Defendants on behalf of himself and all other persons similarly situated to recover statutory damages for failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"). Plaintiff seeks unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b), and other applicable federal law.

        2.     Plaintiff also brings this action against Defendants on behalf of himself and all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to recover statutory damages for failure to timely pay wages in violation of NYLL § 191. Plaintiff seeks

1

injunctive and declaratory relief, liquidated damages, attorneys' fees and costs of this action and other appropriate relief pursuant to New York Labor Law § 198.

3. Managers and others with executive positions, who are paid fixed salaries, are not members of the class that Plaintiff seeks to represent in this action.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff is a resident of the State of New York.

7. At all times relevant, Defendant, GRAPHICS SERVICE BUREAU, INC. d/b/a GSB DIGITAL (hereinafter "GSB"), is a domestic business corporation with a principal place of business located at 33-01 Hunters Point Avenue, Long Island City, New York 11101.

8. At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA and NYLL and was a "manual worker" within the meaning of New York Labor Law § 190(4).

9. At all times relevant, Defendant GSB is/was an "employer" within the meaning of the FLSA and NYLL.

10. At all times relevant, Defendant GSB Defendant is/was an "employer" within the meaning of the FLSA. Defendant's annual revenue exceeds $500,000, and Defendant is engaged in interstate commerce within the meaning of the FLSA and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

Defendants' employees used tools, equipment and other materials which originated in other states.

11. Defendant, STEPHAN STEINER, was a shareholder and/or officer of GSB had authority to make payroll and personnel decisions for GSB, was active in the day-to-day management of GSB, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

12. Defendant, TROY STEINER, was a shareholder and/or officer of GSB had authority to make payroll and personnel decisions for GSB, was active in the day-to-day management of GSB, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

## FACTUAL ALLEGATIONS

13. Defendant is a full service print and litigation support provider.

14. Plaintiff was employed by Defendant GSB as a non-exempt custodial worker from in or about December 2021 to in or about August 2022.

15. Plaintiff's job duties included but were not limited to cleaning, painting, changing vents, mopping, buffing floors, receiving cargo deliveries, and using pallet jacks to move paper and production material.

16. Defendant GSB failed to pay Plaintiff for all hours worked in excess of 40 hours per week at the rate of one and one-half times his regular rate of pay.

17. For example, for the period April 26, 2022 to May 10, 2022, Defendant GSB paid Plaintiff for 92.50 hours at his regular rate of $18 per hour and for 13.96 hours at his overtime

rate of $27 per hour. For the period July 11, 2022, to July 25, 2022, Defendant GSB paid Plaintiff for 88.58 hours at his regular rate of $18 per hour and 14.88 hours at his overtime rate of $27 per hour.

18.     Plaintiff was a "manual worker" whose wages must be paid weekly in accordance with NYLL § 191.  During Plaintiff's employment with Defendant GSB, over twenty-five percent of his duties were physical tasks, including but not limited to bending, lifting, carrying, pushing, pulling and standing for long periods.

19.     Defendant was required to pay Plaintiff weekly and no later than seven days after the end of the workweek in which the wages were earned in accordance with NYLL § 191.

20.     Defendant failed to pay Plaintiff on a weekly basis and instead paid Plaintiff bi-weekly or semi-monthly pursuant to its company-wide policy in violation of NYLL § 191.

21.     Plaintiff brings this action on behalf of himself and current and former employees of Defendant who worked in the State of New York in hourly paid positions including, but not limited to, shipping and receiving clerks, bindery operators, copy operators, and pressmen, and did not receive their wages within seven days after the end of the workweek in which the wages were earned.

22.     Defendant GSB employs shipping and receiving clerks who receive, unpack and check goods received and are responsible for the physical tasks involved in the shipping and receiving department.  Over twenty-five percent of their duties require physical tasks, including but not limited to lifting, bending, and standing for long periods.

23.     Defendant GSB employs bindery operators who load operate, maintain and repair bindery machines; operate folding, cutting and collating machines; and must lift and push up to 50

pounds. Over twenty-five percent of their duties require physical tasks, including but not limited to lifting, bending, and standing for long periods.

24. Defendant GSB employs copy operators who are responsible for operating copy machines, changing ink cartridges, loading paper, replacing toner waste and/or staple cartridges, clearing jams, operating binding equipment, processing printing requests, locating printing orders, and preparing orders for shipping. Over twenty-five percent of their duties require physical tasks, including but not limited to lifting, bending, and standing for long periods.

25. Defendant GSB employs pressmen who set up the press for operation, troubleshoot issues and perform maintenance, and clean the machinery. Over twenty-five percent of their duties require physical tasks, including but not limited to lifting, bending, loading paper and standing for long periods.

26. Plaintiff and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

27. Each time that Plaintiff and Class Members received late compensation for the work that they performed, Defendant underpaid them for the work that they performed.

28. Each time that Defendant failed to pay Plaintiff and Class Members their wages earned within seven days of the end of the workweek, Defendant deprived them of the use of money that belonged to them. As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that he needed or wanted to buy.

29. By way of example, these delayed wages prevented Plaintiff and Class Members from spending money earned on a host of everyday expenses and to provide for their basic needs including, but not limited to, purchasing food and groceries, rent or mortgage payments, gas or

5

heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education tuition and expenses, daycare or childcare, public transportation, and other basic living expenses.

30. By Defendant's failure to pay Plaintiff and Class Members their wages earned within seven days of the end of their workweeks and retaining money that belonged to them, Plaintiff and Class Members lost the time value of money.

31. Additionally, Defendant's delayed payment of wages forced Plaintiff and Class Members to forgo purchasing goods and services until a later time after their receipt of their late paid wages.  Because of inflation, being an ever-increasing scourge throughout the Covid-19 pandemic and recent events, Plaintiff and Class Members were required to pay increased prices for the goods and services that they otherwise would have purchased at an earlier date were their wages lawfully paid on a weekly basis.

32. By retaining these wages earned beyond the timeframes set by NYLL § 191, Defendant benefitted from the time value of money and their free use of such funds, at the expense of Plaintiff and Class Members.  For example, during the interval of these delayed wage payments, Defendant was free to utilize those funds to purchase goods and services, pay rent or mortgages on its facilities and retail stores, pay installment payments and purchase fuel for its company-owned vehicles, pay for marketing and other business expenses, and accrue interest on those funds in its business accounts.

33. Defendant's failure to timely pay wages earned caused Plaintiff and Class Members to suffer the same or similar harms.

34. Defendant treated and paid Plaintiff and Class Members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

36. Upon information and belief, there are other current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and are acting on behalf of the Defendant's current and former employees' interests as well as his own interest in in bringing this action.

37. Plaintiff seeks to proceed as a Collective Action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and all persons who are currently, or have been employed by the Defendant in hourly-paid positions including, but not limited to, custodial workers, shipping and receiving clerks, bindery operators, copy operators and pressmen, during the three (3) years prior to the filing of their respective consent forms.

38. Other persons similarly situated to Plaintiff who are currently or were formerly employed by Defendant as nurses should have the opportunity to have their claims for violation of the FLSA heard. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

39. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.

### RULE 23 CLASS ACTION ALLEGATIONS
### NEW YORK LABOR LAW

40. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under Fed. R. Civ. P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant in hourly-paid positions including, but not limited to, custodial workers, shipping and receiving clerks, bindery operators, copy operators and pressmen, in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

41. Upon information and belief, Defendant employed persons who worked in various positions including, but not limited to, custodial workers, shipping and receiving clerks, bindery operators, copy operators, and pressmen.

42. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. Upon information and belief, there are more than 100 Class Members who have worked for Defendant in hourly-paid positions in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. Rule 23.

43. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendant, upon information and belief, there are more than 100 individuals who are currently, or have been, employed by Defendant in hourly-paid positions as custodial workers, shipping and receiving clerks, bindery operators, copy operators, and pressmen in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint.

44. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of New York Labor Law § 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

45. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

46. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Additionally, Defendant's violations of the New York Labor Law § 191 by failing to timely pay

wages earned caused Plaintiff and other Class Members to suffer the same or similar harms. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

47. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

48. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

49. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

50. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

51. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

52. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

53. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

55. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

56. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

57. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

59. By defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

60. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### FREQUENCY OF PAYMENT VIOLATION

61. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Plaintiff was a manual worker within the meaning of NYLL § 190(4).

63. Defendant was required to pay the Plaintiff on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned. Defendant failed to pay Plaintiff on a weekly basis and instead paid Plaintiff bi-weekly or semi-monthly in violation of New York Labor Law § 191.

64. Plaintiff is entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Certification of a Collective Action pursuant to 29 U.S.C. § 216(b);

(ii) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii) Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(iv) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(v) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(vi) Unpaid wages pursuant to New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(vii) Damages pursuant to New York State Labor Law § 198(1-a);

(viii) All attorneys' fees and costs incurred in prosecuting these claims; and

(ix) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
October 4, 2022

LAW OFFICE OF PETER A. ROMERO PLLC

By: */s/ Peter A. Romero, Esq.*
_____
Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*